IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BORJA, | No. 2:22-cv-01480-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY, | |
| Defendant. | |

Plaintiff, a former prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Screening applies only to "claims brought by individuals incarcerated at the time they file their complaints." Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). Here, Plaintiff was incarcerated at the time he filed his complaint.

The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means

that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the Plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Amador County as the sole defendant in this action.  See ECF No. 1, pg. 1.  Plaintiff alleges he was not afforded a "single opportunity for physical exercise" while incarcerated as a pre-trial detainee at the Amador County Jail between July 21, 2021, and September 21, 2021.  See id., pg. 3.  Plaintiff states that the facility's exercise yard was closed two years prior to and during his incarceration to house a "Covid tent."  Id.  Plaintiff claims that the county had "never once housed an inmate in the tent," even during COVID-19 outbreaks at the facility.  Id.

During his incarceration, Plaintiff states there was not enough room to exercise in his cell because it had "less than 20 square feet of usable floor space, which is shared by a cell mate and 2 storage bins."  See ECF No. 1, pg. 3.  Further, Plaintiff claims that the dayroom has 300 square feet of space and is not suitable for exercise because most of the space is occupied by tables, bunkbeds, and shower stalls, as well as inmates sleeping on the floor due to overcrowding.  Id.  Plaintiff alleges that there is no other place to exercise within the facility, and the county made no effort to find an alternative area for physical exercise.  Id., pg. 4.

Plaintiff also alleges that his attempt to obtain administrative relief was unsuccessful because exercise was suspended due to COVID-19 and grievances were not allowed for COVID related issues.  See ECF No. 1, pg. 4.

///

Plaintiff claims that prior to his incarceration he suffered a knee injury. As a result, Plaintiff alleges that "not being able to walk more than a few steps unimpeded" caused his knee to "stiffen badly and not heal properly," causing pain, depression, and anxiety both during and after his incarceration. See ECF No. 1, pgs. 3-4. Plaintiff seeks monetary damages in the amount of $1,000,000.00. See id., pg. 7.

## II. DISCUSSION

### A. Amador County Liability

Plaintiff names Amador County as the sole defendant. See ECF No. 1, pg. 1. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id.

To assert municipal liability, the Plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). "[T]o be entitled to the presumption of truth," Plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see Canton, 489 U.S. at 385, 391-

3

92; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992)).

Here, Plaintiff has not alleged facts indicating the existence of an official policy, custom, or practice on the part of Defendant Amador County which resulted in denial of a constitutional right.  Plaintiff will be provided leave to amend to cure this defect.

### B.    Access to Courts

To the extent that the Plaintiff is asserting a claim relating to his inability to submit grievances, prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal. 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

Plaintiff alleges that he "attempted to obtain grievances for not being able to exercise but was denied because exercise was suspended due to the Covid-19 tent, and grievances were not allowed for Covid related issues." See ECF No. 1, pgs. 3-4. On the face of the complaint, Plaintiff has alleged that there is no available grievance process concerning the

4

availability of exercise. If true, such a policy could thwart an inmate's ability to exhaust claims and access the courts. Given that the Amador County Jail is under the jurisdiction of Amador County, the Court finds that this contention is sufficient to meet the requirement that Plaintiff allege a custom or policy of the municipality to state a claim. The Court thus finds that Plaintiff possibly states a claim against Amador County based on interference with the grievance process, which can constitute a violation of Plaintiff's First Amendment rights of access to the courts. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In this regard, however, Plaintiff has not alleged an actual injury, which is a jurisdictional requirement. See Lewis v. Casey, 518 U.S. 343, 349 (1996). Plaintiff will be provided an opportunity to amend.

### C. Meaningful Opportunity to Exercise

Exercise has been recognized as "one of the basic human necessities protected by the Eighth Amendment" and the same is true under the Fourteenth Amendment. Norbert v. City and Cnty. of San Francisco, 10 F.4th 918, 928 (citing May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)). "Deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)), amended by 135 F.3d 1318 (9th Cir. 1998); see also Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005); Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (en banc); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995); Allen v. City of Honolulu, 39 F.3d 936, 938-39 (9th Cir. 1994); LeMaire v. Maass, 12 F.3d 1444, 1457-58 (9th Cir. 1993); Toussaint v. Yockey, 722 F.2d 1490, 1492-93 (9th Cir. 1984). "[A] temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); see also Noble v. Adams, 636 F.3d 525, 531 (9th Cir. 2011) (concluding prison officials were entitled to qualified immunity from § 1983 claim that post-riot lockdown of prison resulted in denial of Eighth Amendment right to exercise); Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010) (recognizing that temporary denial of outdoor exercise with no medical effects is not a substantial deprivation); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

The Ninth Circuit has held that "the Constitution requires jail officials to provide outdoor recreation opportunities, or *otherwise meaningful recreation*, to prison inmates." Norbert v. City and Cnty. of San Francisco, 10 F.4th 918, 929 (citing Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018)).  Therefore, to "vindicate a constitutional right to exercise, outdoor exercise can indeed be required, when 'otherwise meaningful recreation' is not available." Norbert, 10 F.4th 918 at 929.

Plaintiff alleges in his complaint that he is unable to exercise in the outside yard due to a COVID-19 tent. See ECF No. 1, pg. 3.  Plaintiff also alleges he is unable to exercise in his cell, or in the dayroom due to space constraints and overcrowding. See id., pg. 3.  Plaintiff further contends there is no other alternative place to exercise within the facility. See id., pg. 4. The Court must assume the allegations in the complaint are true.  In doing so, the current allegations are sufficient to state a possible claim for the denial of meaningful exercise opportunities at the Amador County Jail.  However, as discussed above, Plaintiff's complaint does not contain sufficient allegations regarding an official municipal policy or custom pertaining to the meaningful opportunity to exercise.  In his complaint, Plaintiff states that there was a "custom or policy" of closing the exercise yard for two years due to the COVID-19 tent. See ECF No. 1, pg. 4.  Plaintiff makes only general and conclusory allegations regarding municipal policies, customs, or practices pertaining to inmate exercise, which cannot support a municipal liability claim.

Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation resulted from a particular policy, custom, or practice of the local government (2) that policy was based on the actual decisions and acts of its policymakers, and (3) those practices are persistent and widespread.  Alternatively, Plaintiff must show that the municipality was deliberately indifferent as to Plaintiff's constitutional rights due to either actual or constructive notice that its omissions would likely result in unlawful conduct.  Plaintiff must allege more than just broad elements of a claim for relief; such allegations must be supported by facts.  At this time, Plaintiff's complaint fails to state a claim of municipal liability against Amador County.  Plaintiff will be provided an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: June 6, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE